# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS, JR., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:25-CV-00117 (WLS) |
| RON JAMES and DYLAN GROVES, | : | |
| Defendants. | : | |

## ORDER

Plaintiff Larry Thomas, Jr., filed a second Motion to Proceed *In Forma Pauperis* (Doc. 5) following the Court's denial of his first Motion to Proceed *In Forma Pauperis* (Doc. 2) (*See* Doc. 3). After review, the Court denies the Motion (Doc. 5) with prejudice.

Previously, the Court denied Thomas's first IFP Motion. In doing so, however, the Court provided Thomas with the opportunity to file a new IFP motion by October 16, 2025. On October 16, 2025, Thomas filed a document labeled "Informa Pauperis attachment," a document which appears to contain the transaction history of his use of SNAP credits. (Doc. 5). The Court construes Plaintiff's filings liberally because he represents himself. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1296 (11th Cir. 2024). Therefore, the Court construes Doc. 5 to be a second IFP motion.

The Court may authorize a lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a full statement of that person's assets that reflects that the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). To determine whether Thomas may proceed IFP, the Court uses a two-step process. It first assesses whether Thomas is able to prepay the costs and fees of filing a civil case in this Court. *Id.* Then, if the Court finds Thomas is a pauper, it reviews the validity of the Complaint. *Id.*; *see* 28 U.S.C. § 1915(e).

At the first step, Thomas's affidavit contains insufficient information for the Court to make a finding of poverty. The Court found that Thomas's affidavit from his first IFP motion was facially implausible because it said he was unemployed, had no income, assets, expenses or debts. (Doc. 3). Instead of filing a new application which accurately accounts for Mr. Thomas's assets, he simply filed a document which indicates he is on SNAP benefits. The mere fact someone is on SNAP benefits and how much they receive in SNAP benefits is insufficient for the Court to make a finding of poverty.

Thomas's second IFP Motion (Doc. 5) is thus **DENIED**, with prejudice. Thomas must pay the filing fee no later than **Monday, November 10, 2025**. If he fails to comply with this Order, the Court may dismiss the lawsuit without prejudice without further notice or proceedings.

**SO ORDERED**, this 21st day of October 2025.

                                                      **/s/ W. Louis Sands**
                                                    **W. LOUIS SANDS, SR. JUDGE**
                                                    **UNITED STATES DISTRICT COURT**