IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS, JR., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:25-CV-00117 (WLS) |
| RON JAMES and DYLAN GROVES, | : | |
| Defendants. | : | |

## ORDER

Larry Thomas moves to appeal *in forma pauperis* (Doc. 14) the Court's denial of his previous IFP applications.

I. **PROCEDURAL HISTORY**

In Plaintiff's first IFP application, he stated he was unemployed, had no income, assets, expenses, or debts, but had a dependent "alleged daughter." (Doc. 2). The Court found these assertions, taken together, to be facially implausible as a matter of common sense: Plaintiff must have some source of income to pay for his basic needs. (Doc. 3). And those basic needs must generate some expenses. Because the Court could not make a finding of poverty based on a facially implausible affidavit, it denied Plaintiff's IFP application without prejudice, giving Plaintiff the chance to refile his IFP motion by October 16, 2025, three weeks from the entry of the Order. (*Id.*) On October 7, 2025, Plaintiff filed a motion to disqualify the Court. (Doc. 4[1]). On October 16, 2025, Plaintiff filed a document which indicates he is on SNAP benefits. (Doc. 5). He did not include a new IFP application and affidavit accounting for his income, expenses, and assets. The Court liberally construed the SNAP benefits document as a timely second IFP application. The Court found Doc. 5 insufficient for it to make a finding of poverty because it did not provide the necessary financial information. (Doc. 6). The Court denied Plaintiff's second IFP motion with

---

[1] Plaintiff filed his Notice of Appeal (Doc. 10), removing the Court's jurisdiction, before it had the opportunity to rule on the motion to disqualify.

1

prejudice because Plaintiff failed to comply with the Court's order. (*Id.*) Two days after the Court entered that order, Plaintiff moved for an extension of time to refile his IFP application and moved again to proceed IFP. (Docs. 7 & 8). The Court denied the motion for extension as moot and denied the third IFP application because it was barred under res judicata. (Doc. 9). Now, Plaintiff moves to appeal IFP the Court's denial of his IFP applications. (Doc. 14).

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[2] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). The Court must assess Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985), *on reh'g* 792 F.2d 1089 (11th Cir. 1986) However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

## III.   LAW AND ANALYSIS

### A.   Poverty

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. According to Plaintiff's current affidavit (his fourth), he has a total monthly income of $292, the amount he receives in food stamps. (Doc. 14 at 2, 6). He has no significant assets, and his total monthly expenses are $292. (*Id.* at 4). As such, considering the totality of the amounts averred in the IFP Motion and Affidavit, the Court finds that Plaintiff meets the poverty requirements of § 1915 and is unable to pay the entire filing fee.

### B.   The Appeal

At the second step, the Court reviews whether Plaintiff's appeal is taken in good faith. "Good faith" is "judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438,

---

[2] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

445 (1962). Plaintiff can demonstrate good faith by seeking appellate review of a non-frivolous issue. *Id.* Frivolous issues lack "arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002), overruled on other grounds by *Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). "[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

### 1. Standard of Review

The Court proceeds to the frivolity of Plaintiff's Appeal (Doc. 10). In so doing, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

### 3. Plaintiff's Claim

Plaintiff appeals the Court's denial of his IFP application. (Doc. 10). This posture puts the Court in the challenging position of assessing the frivolity of appealing its own Order. The Eleventh Circuit "review[s] a district court's denial of a motion for leave to proceed IFP under

§ 1915 for abuse of discretion." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

> a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly. However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.

*Id.* (quoting *Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1244 (5th Cir.1975)). "The only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 (11th Cir.1976).

In its first Order denying Plaintiff's first IFP application, the Court only considered whether the statements in the application satisfied the requirement of poverty. (Doc. 3). Plaintiff asserted in his first IFP application that he was unemployed, had no income, assets, expenses, or debts. (Doc. 2). In doing so, Plaintiff did not substantively comply with the requirements of the IFP application. The application was facially implausible: Plaintiff must have some source of income to pay for his basic needs. In turn, those basic needs must generate some expenses. The Court cannot make a finding of poverty based on a facially implausible affidavit. Plaintiff's filing did not provide sufficient, plausible financial information to make a finding of poverty. So the Court denied without prejudice and gave the Plaintiff three weeks to file a new application. (*Id.*)

Three weeks later, all the Court received from Plaintiff was a Motion to Disqualify the Court (Doc. 4) and a document indicating Plaintiff receives SNAP benefits. (Doc. 5). When the Court again considered Plaintiff's poverty, it found that it lacked sufficient financial information to make a determination. (Doc. 6). Plaintiff did not file a corrected IFP application. He did not state his income, expenses, and assets. Again, Plaintiff did not substantively comply with the requirements of the IFP application. So the Court denied his motion with prejudice for failing to comply with a court order. (Doc. 6).

In the first two orders denying Plaintiff's IFP application, the Court only considered Plaintiff's poverty upon review of the affidavit submitted. It did not act arbitrarily: the Court carefully reviewed Plaintiff's assertions. It did not deny on erroneous grounds: Plaintiff

4

repeatedly failed to provide the Court with sufficient information.[3] To grant without sufficient information would have been erroneous. Plaintiff's appeal as to the first two denials is frivolous.

The Court's denied Plaintiff's third IFP application as barred by res judicata (Doc. 9) because the second denial (Doc. 6) was with prejudice. Here, as above, the standard is whether the Court's decision was arbitrary or sat on erroneous grounds. The Court did not act arbitrarily. The Court's second denial of IFP status was with prejudice. (Doc. 6). A denial with prejudice is a final judgment on the merits which means that refiling the same motion is barred under res judicata. *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767 (11th Cir. 2015). Therefore, the third IFP application was barred by res judicata and the Court properly denied it.

Additionally, the decision to deny Plaintiff's IFP application with prejudice (Doc. 6) was neither arbitrary nor erroneous. The Court gave Plaintiff an opportunity to submit a second IFP application after his first was deficient. (Doc. 3). Plaintiff chose instead to mail the Court a SNAP benefits document. (Doc. 5). And moved to disqualify the Court. (Doc. 4). Plaintiff failed to comply with the Court's Order (Doc. 3) and therefore the Court denied his second IFP application with prejudice.

"[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). But "dismissal with prejudice [is] a drastic sanction to be applied only after lesser sanctions are considered and found inadequate." *Id.* at 438–39 (11th Cir. 1986). Dismissal with prejudice may be appropriate where there is a "finding of bad faith, litigiousness or manipulative tactics." *Id.* Plaintiff is extremely litigious. *See Thomas v. Prine*, Case no. 7:25-cv-00130-WLS, *Thomas v. Prine*, Case no. 7:25-cv-00013-WLS-ALS, *Thomas v. Hardy*, Case no. 7:21-cv-00142-HL, *Thomas v. Governor's Office for the State of Georgia*, Case no. 7:22-cv-00112-WLS. And Thomas proceeds in extremely bad faith. The Court in the instant case has already reminded him to not repeatedly call the Clerk of Court. (Doc. 9). In a previous case, the Court was "notified by the Clerk of Court as to Plaintiff's behaviors towards Deputy Clerk

---

[3] In both cases, Plaintiff either failed to properly and plausibly fill out the IFP application or provide an IFP application at all.

5

of this Court. Among others, the Clerk informed the Court that Plaintiff has shown up at the Clerk's office on several occasions, stayed for hours, ordered the Clerk to issue summons to additional Defendants, has engaged in verbal harassment towards her and the Chief Deputy Clerk of the Middle District of Georgia, and has also demanded phone numbers and contact information as to the Court's law clerks and staff." *See Thomas v. Governor's Office for the State of Georgia*, Case no. 7:22-cv-00112-WLS (Doc. 27). Plaintiff is litigious and proceeds in bad faith.

Also, lesser sanctions have been considered and found inadequate. Plaintiff engages in bad faith litigation when the Court allows him to do so *in forma pauperis*. Denying Plaintiff's second IFP application with prejudice was the only adequate sanction known to this Court for handling Plaintiff's continued failure to comply with Court orders. Therefore, the Court's denial of Plaintiff's IFP application with prejudice was neither arbitrary nor erroneous.

**4. Plaintiff's Original Complaint**

As a procedural matter, the Court previously denied Plaintiff's IFP applications because he did not provide Court with the necessary information on the affidavit for the Court to make a finding of poverty. (Docs. 3 & 6). However, even if the Court had found Plaintiff to meet the poverty requirements of § 1915, it would have dismissed the Complaint as frivolous.

After finding that a Plaintiff meets poverty requirements, the Court reviews the validity of Plaintiff's Complaint (Doc. 1). Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic

6

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

Plaintiff's complaint fails to state a claim on which relief may be granted. It is largely made up of labels and conclusions, such as, "The Thomas County Jail has and is currently abiding by an unwritten policy that was produced to intentionally violated my equal protection of laws and human rights. The unwritten policy has rules that consists of showing prejudice against me based on my Native American Heritage, against my black skin color, sex, and sexual orientation as a straight black native American male." (Doc. 1 at 7). His factual allegations largely describe his attempts to obtain relief by defaming a sitting judge using the jail's grievance kiosk: "During the Plaintiff Larry Thomas, Jr time at the Thomas County Jail he filed several grievances against Judge James Prine for committing Treason, Insurrection, Domestic terrorism, Aggravated assault, and violent sex crimes against the plaintiff Larry Thomas, Jr. inside the Thomas County Superior Court Child Support Courtroom." (*Id.* at 8). Based on these facts, Plaintiff alleges a civil rights conspiracy against him arising under 42 U.S.C. §§ 1983, 1985, 1986, 1988, 1997, 2000. However, Plaintiff's claims are largely naked assertions that Defendants harmed him. Plaintiff's complaint fails to assert a claim upon which relief may be granted. Therefore, even if the Court had made a finding of poverty, it would have dismissed Plaintiff's complaint.

### IV.    CONCLUSION

Plaintiff's motion for leave to appeal *in forma pauperis* is **DENIED**. Plaintiff may file a motion for leave to appeal IFP with the United States Court of Appeals for the Eleventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(5) or pay the appellate filing fee.

**SO ORDERED**, this 16th day of January 2026.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**