**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| LARRY THOMAS, JR., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:25-CV-00117-WLS |
| RON JAMES and DYLAN GROVES, | : | |
| Defendants. | : | |

**ORDER**

Plaintiff Larry Thomas Jr. moves to have the undersigned removed from this case under 28 U.S.C. § 455(a). (Doc. 4.) Thomas also petitions the Court to issue a writ of mandamus directing itself to rule on his motion to remove the undersigned. (Doc. 12.) Finally, Thomas moves to amend his complaint. (Doc. 17.) For the reasons discussed below Thomas's motion to disqualify the undersigned, (Doc. 4), is denied, his motion for a writ of mandamus (Doc. 12) is denied as moot, and his motion to amend the complaint, (Doc. 17), is denied as moot.

## I. THE MOTION TO DISQUALIFY JUDGE SANDS

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thomas alleges that Judges Sands appears to be biased against him because he denied Thomas's motion for leave to proceed *in forma pauperis* (the "IFP Motion"). But as the Court explained in its prior orders, Thomas's affidavit contained insufficient information for the Court to make a finding of poverty. (Doc. 3; Doc. 6.) According to his affidavit in his first IFP Motion, Thomas has no income, assets, expenses, or debts. (Doc. 3 at 1.) Because his assertions were facially implausible, the Court denied the IFP Motion without prejudice. (*Id.*) The Court denied Thomas's second IFP Motion because he again provided insufficient information for the Court to make a finding of poverty. (Doc. 6 at 2.) Thomas simply failed to establish that he was unable to pay the filing fee, and the Court

ruled accordingly. The mere fact that the undersigned ruled against Thomas on his IFP Motions does not suggest that his impartiality might reasonably be questioned.

Thomas also claims that the undersigned appears to be biased against him because he refused to report Chief Judge Gardner "for committing fraud on the court" in three other cases Thomas brought in this district. Thomas claims that in one of those cases, he named the undersigned as a defendant, which led the undersigned to recuse himself. (Doc. 4 at 3.) Thomas claims that although the undersigned recused himself, he allowed Chief Judge Gardner to preside over the case even though she was also listed as a defendant. (*Id.*) But this Court does not have supervisory authority of another district court judge and cannot control Judge Gardner's cases. Thomas's argument is therefore frivolous, and the undersigned's impartially cannot reasonably be questioned in these circumstances. The motion for recusal, (Doc. 4), is therefore denied.

## II. THE PETITION FOR WRIT OF MANDAMUS

Thomas petitions the Court to issue to itself a writ of mandamus directing itself to rule on his pending motion for recusal. (Doc. 12.) The petition is improper. Mandamus is an extraordinary remedy that a higher court may use to compel a lower court or officer to perform a clear legal duty. It is not a mechanism by which a court directs itself to act. Courts have no authority to grant mandamus relief if the petitioner has another adequate legal remedy. *See United States ex rel. Girard Trust Co. v. Helvering*, 301 U.S. 540, 544 (1937); Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules."). In any event, because the Court has herein ruled on Thomas's recusal motion, his petition for writ of mandamus, (Doc. 12), is denied as moot.

## III. THE MOTION TO AMEND THE COMPLAINT

Thomas moves to amend his complaint. (Doc. 17.) A party may amend his pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, no proof of service has been filed. Because the complaint has not yet been served, Thomas may amend the complaint once

without the Court's leave. Since the Court's approval is unnecessary, the motion to amend the complaint, (Doc. 17), is denied as moot.

## IV. DISPOSITION

Thomas's motion to disqualify the undersigned, (Doc. 4), is **DENIED**, his motion for a writ of mandamus, (Doc. 12), is **DENIED AS MOOT**, and his motion to amend the complaint, (Doc. 17), is **DENIED AS MOOT**.

**SO ORDERED**, this 17th day of September, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**